**Ex parte Vickie Carol WALKER.**

**No. 63612.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 28, 1980.

Charles Sexton, Orange, for appellant.

Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

Vickie Walker sought habeas corpus relief from a misdemeanor charge. See V.A. C.C.P., Art. 11.09. The Criminal District Court issued the writ, held a hearing, and denied relief. Walker has appealed from the denial of relief. See V.A.C.C.P., Art. 44.34.

From the transcription of the habeas corpus hearing,[1] we learn that the appellant was found guilty by a jury in the Criminal District Court of Jefferson County of misdemeanor theft. The court assessed a punishment of a $350 fine and 60 days in jail. The customary judgment was entered. At sentencing on October 5, 1979, the appellant told the court that she had two minor children and that she was expecting another. The court said, "I'm trying to let you stay home and take care of your kids, so the taxpayers don't have to." The court entered a sentence which read:

"It is the order of the Court that the defendant VICKIE CAROL WALKER, who has been adjudged guilty of Misdemeanor Theft a misdemeanor, and whose punishment has been assessed at a fine of $350.00, and all costs of this prosecution and confinement in the County Jail of Jefferson County, Texas, for 60 (sixty) days be delivered to the Sheriff of Jefferson County, Texas, for the confinement in the County Jail of Jefferson County, Texas, for said period of 60 (sixty) days and until said fine of $350.00 dollars and all costs of this prosecution are paid or discharged by law. And is subject to the attached order in regards to the defendant's jail service. Fine to be paid on or before October 12, 1979."

The attached order read:

"The Defendant is ordered to remain in the constructive custody of the Sheriff of Jefferson County, Texas, but is allowed in the interest of justice to serve the 60 day jail term imposed by being confined to her residence at 313 North Farragut, Orange, Texas.

"The Defendant is ordered not to leave this residence for the next 60 days. If the Defendant complies with this order, the sentence imposed will be considered discharged on December 5, 1979. If the Defendant departs her residence during this period, a capias will issue and the Defendant placed in the Jefferson County Jail to serve the full 60 day term.

"A copy of this order is to be served upon the Defendant and the State.

"Entered October 5, 1979."

It is from this sentence that the appellant sought habeas corpus relief.

The appellant went home under that arrangement on October 5, 1979. The trial judge's secretary called the appellant on the telephone daily to find out if she was at home. After getting a busy signal for several hours on October 11, 1979, the judge's secretary finally completed a telephone call to the appellant. The secretary said, "Well, we just sent a unit out to your house and they said that you weren't home." The appellant replied, "Well, I had to pick up my daughter at school." She also said that she would not be able to pay her fine on the next day. The trial judge ordered a capias to issue. The appellant was confined in jail from October 12 to October 24, 1979, when she was released on a "visiting judge's" order that she could serve the rest of her sentence on weekends.[2] That order does not appear in the record of this habeas corpus action or in the other papers which have been sent us. The appellant was not confined again until December 11 and 12, 1979, when the hearing in this habeas corpus action was held. She has been enlarged under a bail bond during this appeal.

1. The trial court also has sent us its file (including newspaper clippings and intra-office memoranda) in the misdemeanor prosecution. That file is not properly before us. It was not introduced in evidence. It is not part of this action. Although a habeas corpus attack on a *felony conviction* must be filed in the convicting court under a file number ancillary to that of the conviction being challenged (V.A.C.C.P., Art. 1107, Sec. 2(b)), there are no such restrictions on a petition for habeas corpus relief from a misdemeanor charge. In this appeal we have not considered that file.

2. The appellant paid her $350 fine and $71 in costs on October 24, 1979. When she was confined on October 12 she had with her $350, which was the amount she was required by the sentence to pay on that day. According to the judge's secretary, the appellant was to be arrested whether or not she paid her fine. It appears to us that the appellant's confinement did not depend on the matter of the fine.

In her first ground of error the appellant argues that "the conviction and sentence was [sic] void because the court imposed upon appellant a sentence not authorized by . . . law." It should be clear that the irregularities in this case do not affect the jury's verdict of guilty or the judgment of guilt or the assessment of punishment in the judgment. The appellant is entitled to relief from the sentence only.

"An individual adjudged guilty of a Class A misdemeanor shall be punished by:

(1) a fine not to exceed $2,000;

(2) confinement *in jail* for a term not to exceed one year; or

(3) both such fine and imprisonment." V.T.C.A., Penal Code, Sec. 12.21 (emphasis supplied).

"Except as provided in Sections 3 and 4 [which affect defendants who appeal], *a defendant shall be delivered to jail* or to the Department of Corrections when his sentence of imprisonment is pronounced, or his sentence to death is announced, by the court. * * * " V.A.C.C.P., Art. 42.09, Sec. 2 (emphasis supplied).

■ Other than probation, which was not granted in this case, the Legislature has authorized only one alternative to delivery to jail: V.A.C.C.P., Art. 42.03, Sec. 5, permits the court to sentence the defendant to jail during his off-work hours or on weekends. Our law does not authorize a court to sentence a defendant to serve his sentence at home. The sentence which was entered on October 5, 1979, was invalid. The trial court erred in not granting the appellant relief from that sentence.

■ In her second ground of error the appellant argues that she was entitled to relief from the court's act of ordering her to jail on October 11 without a hearing. Since the appellant no longer is confined under that capias, and since we have held that this entire scheme of home-sentencing was invalid, we need not pause over this ground of error longer than to repeat that a *sentencing privilege* "cannot subsequently be arbitrarily withdrawn at the whim of the trial court or upon mere fact of [a report of

violation]. To hold otherwise would violate due process, due course of the law of the land, and fundamental fairness. The record here clearly supports the fact that the trial judge automatically revoked upon learning of a new [report of violation] and erred in so doing." *Wester v. State*, 542 S.W.2d 403, 406 (Tex.Cr.App.1976) (Criminal District Court of Jefferson County revoked probation without a hearing). See also *Furrh v. State*, 582 S.W.2d 824 (Tex.Cr.App.1979) (Criminal District Court of Jefferson County revoked probation without a hearing); *Wallace v. State*, 575 S.W.2d 512 (Tex.Cr. App.1979) (Criminal District Court of Jefferson County revoked probation without a hearing).

Because the sentence of October 5 was invalid, the appellant may not be confined under its authority. If the order entered on October 24, which is not in the record, amounts to a sentence (see V.A.C.C.P., Art. 42.03), the appellant will be subject to it. If it does not, the appellant must be sentenced properly, nunc pro tunc, before she may be subjected to any confinement.

In any event, the appellant is entitled to certain credits against her sentence. Obviously she is entitled to credit for 13 days in jail (October 12 to 24) and for 2 days of confinement in December, plus consideration for commutation of time (see V.A.C.S., Art. 5118a). In our view she must also have credit for the 7 days (October 5 to 11) she spent being punished by confinement at home.

"If there is a failure from any cause whatever to enter judgment and pronounce sentence, the judgment may be entered and sentence pronounced at any subsequent time, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken. Any time served *or punishment suffered* from the time the judgment and sentence should have been entered and pronounced and until finally entered shall be credited upon the sentence finally pronounced."

V.A.C.C.P., Art. 42.06 (emphasis supplied). Therefore the appellant is entitled to credit

for at least 22 days against her sentence of 60 days in jail.

The judgment which denied habeas corpus relief is reversed and the cause is remanded for further proceedings in accordance with this opinion.

DOUGLAS, J., dissents.