**Ex parte Glen Wayne WALTON,**

**No. 68841.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 4, 1981.

Rehearing Denied Dec. 23, 1981.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This post-conviction habeas corpus proceeding was brought under the provisions of Article 11.07, V.A.C.C.P.

Petitioner was originally convicted of robbery, and his punishment was assessed at life imprisonment by virtue of two prior felony convictions alleged and proved. On appeal his conviction was reversed because of a fundamentally defective charge to the

jury. See *Walton v. State*, 575 S.W.2d 25 (Tex.Cr.App.1978).

Following the reversal, the petitioner was indicted for the same conduct with the same prior convictions alleged for enhancement of punishment. Subsequently the State waived and abandoned the enhancement paragraphs of the indictment, and the petitioner entered a plea of guilty to robbery. Punishment was assessed by the court at fifteen (15) years' imprisonment.

In his post-conviction attack upon this latter conviction he first contended that the "conviction ... is null and void in that petitioner was charged with robbery, but was convicted for elements of aggravated robbery." Subsequently in a supplemental application for writ of habeas corpus petitioner contends the prosecutor violated his due process rights when he vindictively obtained an indictment for a harsher felony after he (petitioner) has successfully challenged his first conviction. He argues the primary offense in the first indictment was robbery (See V.T.C.A., Penal Code, § 29.02) with two prior felony convictions alleged for enhancement, and that in the second indictment the primary offense was aggravated robbery (See V.T.C.A., Penal Code, § 29.03) with two prior felony convictions alleged for enhancement. It is noted that robbery is a second-degree felony, carrying a penalty of not less than two nor more than 20 years plus the possibility of a fine not to exceed $10,000.00. See V.T.C.A., Penal Code, § 12.33. Aggravated robbery is a first-degree felony carrying a penalty of life imprisonment or for a term of not less than five nor more than 99 years' imprisonment. See V.T.C.A., Penal Code, § 12.32.[1] Petitioner thus urges that he was re-indicted for a harsher offense. In contending that when he was re-indicted he was charged with aggravated robbery rather than robbery, he points to the use of the word "serious" preceding the allegation "bodily injury" in the indictment.

1. V.T.C.A., Penal Code, § 12.32, has been amended to add the possibility of a fine not to exceed $10,000.00 in addition to the penalties set out above (Acts 1979, 66th Leg., p. 1058, ch. 488, § 1, eff. Sept. 1, 1979). The offense here in question occurred on July 18, 1975, so the amendment would not here be applicable.

V.T.C.A., Penal Code, § 29.02, reads in part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code, and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death . . . ."

V.T.C.A., Penal Code, § 29.03, reads in part:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes *serious* bodily injury to another; or

"(2) . . . ." (Emphasis supplied.)

The Practice Commentary to said § 29.03 reads in part:

"Section .29.03 aggravates robbery defined in Section 29.02 to a more serious offense if the bodily injury the offender inflicts under Section 29.02(a)(1) is 'serious' . . . ."[2]

Regardless of whether the primary offense alleged was robbery or aggravated robbery, when two prior felony convictions were alleged the maximum penalty possible would be life imprisonment. See V.T.C.A., Penal Code, § 12.42(d).

Appellant appears to contend that when the State waived and abandoned the enhancement paragraphs of the indictment, which had been used to enhance the punishment to life imprisonment at the time of the first conviction, the primary offense of aggravated robbery carried a greater penalty and was a harsher offense than the primary offense of robbery as charged in the first indictment.

Be all of that as it may, the judgment and sentence and other documents reflect that the petitioner entered a guilty plea and was convicted of robbery rather than aggravated robbery and assessed a penalty of 15 years' imprisonment.

Even if it can be argued that the primary offense charged in the second indictment was aggravated robbery, it is well settled that robbery, a second-degree felony, is a lesser included offense of aggravated robbery. See said §§ 29.02 and 29.03 and Article 37.09, V.A.C.C.P. A conviction for robbery under an indictment charging aggravated robbery is entirely proper.

■ For his claim of prosecutorial vindictiveness petitioner relies upon *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

In *Ronk v. State*, 578 S.W.2d 120, 121 (Tex.Cr.App.1979), this court wrote:

"In *Blackledge v. Perry, supra*, the appellant, Perry, was initially charged with and convicted of misdemeanor assault, for which he was given a six-month sentence. Perry then filed notice of appeal, which under North Carolina law entitled him to a trial de novo in the appellate court. After Perry filed his notice of appeal, but before the trial de novo, the prosecutor obtained an indictment charging Perry with felony assault. This indictment was for the same conduct for which Perry had previously been tried and convicted. Perry entered a plea of guilty to the latter indictment and was sentenced to a term of five to seven years in the penitentiary. The United States Supreme Court held that, under the rationale of its decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), a person convicted of an offense is entitled to pursue his statutory right to appeal without apprehension that, if the appeal is successful, the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. The Court held that the action of the prosecutor in bringing the more severe charge violated the Due Process Clause of the Fourteenth Amendment."

---

**2.** "Serious bodily injury" is defined in V.T.C.A., Penal Code, § 1.07(a)(34).

Petitioner urges that *Blackledge v. Perry, supra,* entitles him to the relief he seeks. It is observed that both indictments with two prior felony convictions alleged carried the same penalty—automatic life imprisonment under V.T.C.A., Penal Code, § 12.42(d), despite the fact that the first indictment alleged robbery as the primary offense and the second alleged aggravated robbery as the primary offense.

It appears, however, that appellant contends that when the allegations as to the prior convictions were abandoned, that he then stood charged with a more severe offense than previously charged. We do not agree. The first indictment carried a penalty of automatic life imprisonment as the prior convictions were not abandoned, whereas aggravated robbery carries the range of punishment applicable to a first-degree felony.

If credence could be given to petitioner's contention, the only technical violation of *Blackledge v. Perry, supra,* would be that it would give the prosecution greater leverage, in the event of the abandonment of the prior conviction allegations, in any plea bargain. The record before us does not show any plea bargain. It must be remembered that the burden of proof in this type of habeas corpus proceeding is upon the petitioner. *Ex parte Alexander,* 598 S.W.2d 308 (Tex.Cr.App.1980). Petitioner has not sustained his burden of proof.

Further, under circumstances here described, we cannot see why a prosecutor, faced with a possible violation of *Blackledge v. Perry, supra,* could not, with the court's approval, abandon the allegation of "serious" bodily injury. The accused would then be charged only with robbery, not a greater offense than originally charged. We cannot say from the record that did not occur here.

The relief prayed for is denied.

ROBERTS, J., concurs in the result.

TEAGUE, J., not participating.