Ex parte Billy Ray **JORDAN.**

No. 930–83.

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1983.

---

Susan Gorham-Dickinson, Dallas, for appellant.

Henry Wade, Dist. Atty. and Ruth Lown and John Robinson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## ON DISCRETIONARY REVIEW ON MOTION OF THE COURT OF CRIMINAL APPEALS

MILLER, Judge.

Petitioner's appeal from denial of relief requested in his writ of habeas corpus, filed in County Criminal Court No. 9 of Dallas

County, Texas under the authority of Art. 11.09, V.A.C.C.P., is before this Court pursuant to Tex.Cr.App.R. 303(b) and 302(a). Petitioner's appeal to the Dallas Court of Appeals was dismissed for want of jurisdiction. We disagree with the decision of the Dallas Court of Appeals and remand for consideration of the merits of petitioner's appeal.

The record before us reflects that on November 9, 1982, petitioner was convicted upon a plea of guilty of the offense of unlawfully carrying a weapon and was sentenced to serve 145 days in the Dallas County jail and assessed a $250.00 fine and costs of court. After serving his jail time, petitioner filed a post-conviction writ of habeas corpus pursuant to Art. 11.09, V.A.C.C.P. Petitioner alleged that he was indigent and, under the authority of *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), he should be released from jail and given additional time with which to pay his fine and court costs. On December 17, 1982, the trial court held a hearing on the writ but denied relief. Petitioner gave notice of appeal to the Dallas Court of Appeals. On August 4, 1983, the Dallas Court of Appeals dismissed petitioner's appeal for want of jurisdiction. Their order in its entirety stated:

> "This day came on to be heard petitioner's application for writ of habeas corpus, and the same being inspected, it is therefore considered, adjudged and ordered that this appeal be dismissed as this Court has no jurisdiction to review post-conviction applications for writs of habeas corpus becuase [sic] such writs must be returnable to the Court of Criminal Appeals. Therefore, this appeal is dismissed for want of jurisdiction."

We have examined the record and find that petitioner's writ was filed in compliance with Art. 11.09, V.A.C.C.P., and therefore appeal of denial of relief is governed by Art. 44.34, V.A.C.C.P. It is true that prior to September 1, 1981, the Court of Criminal Appeals would have had jurisdiction to handle this case. *Walker v. State,* 599 S.W.2d 332 (Tex.Cr.App.1980). However, Art. 44.34 was amended effective September 1, 1981, and vested appellate habeas corpus jurisdiction in the courts of appeals.

We therefore hold that appeals from denial of relief sought in a *misdemeanor* post conviction writ of habeas corpus should be directed to the courts of appeals. This holding in no way effects the procedure outlined in Art. 11.07, V.A.C.C.P., governing *felony* post conviction writs of habeas corpus.

Petitioner's appeal is remanded to the court of appeals for consideration on its merit. In doing so we express no opinion concerning the outcome of said appeal.