Rogelio GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–92–00247–CR.

Court of Appeals of Texas,
El Paso.

Oct. 28, 1992.

Rehearing Overruled Nov. 25, 1992.

Discretionary Review Refused
Feb. 10, 1993.

David A. Rutledge, El Paso, for appellant.

Joe Lucas, County Atty., El Paso, for appellee/State.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a denial of a misdemeanor post-conviction writ of habeas corpus filed pursuant to Tex.Code Crim. Pro.Ann. art. 11.09 (Vernon 1977). In a single point of error, Appellant argues the district court erred in denying the relief sought because the county court erred in allegedly "amending" the sentence previously assessed against Appellant.[1] We overrule Appellant's point of error and affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

On January 26, 1990, Appellant plead guilty to the misdemeanor offense of driving while intoxicated in Cause No. 890C18241, (Appellant's first DWI conviction), then pending in the County Court at Law No. 4 of El Paso County. The trial court assessed his punishment at confinement in the El Paso County Jail for a period of two years and a fine in the amount of $300, as well as all costs of court; however, the trial court, in its exercise of discretion, suspended the imposition of the sentence and granted Appellant probation. The trial court imposed various conditions of probation which included, among other items, a requirement that Appellant participate in an alcohol and/or drug abuse evaluation program as well as a DWI education program.

Subsequently, a Motion to Revoke Probation was filed wherein it was alleged that Appellant violated various conditions of his DWI probation, including his failure to attend and complete a DWI education program. On July 12, 1991, the trial court, after conducting a hearing, determined Appellant had in fact violated the terms and conditions of his DWI probation, and once again exercised its discretion in extending Appellant's term of probation for his first DWI conviction, initially ordered on January 26, 1990, by a period of twelve months.

On March 12, 1992, Appellant plead guilty to the misdemeanor offense of driving while intoxicated in Cause No. 910013021, (Appellant's second DWI conviction), then pending in the County Court at Law No. 4 of El Paso County. The trial court assessed his punishment at confinement in the El Paso County Jail for a period of 180 days, a fine in the amount of $200, as well as all costs of court. In addition to the above, Appellant's driving privileges were suspended for a period of one year. Additionally, the State filed a Motion to Revoke Probation in Appellant's first DWI conviction, alleging violations of conditions of probation based on his arrest and subsequent second conviction for driving while intoxicated. On March 12, 1992, simultaneously with the trial court's finding of guilt as to Appellant's second DWI conviction, the trial court entered an Order Revoking Probation on Appellant's first DWI conviction. As a result of the revocation of probation, Appellant's punishment for his first DWI conviction was assessed at confinement in the El Paso County Jail for a period of 180 days, a fine in the amount of $200, as well as all costs of court. Likewise on March 12, 1992, the trial court entered two separate and distinct Orders for Confinement in each of the above causes wherein he directed that the periods of confinement of 180 days for each of his convictions for driving while intoxicated run concurrent. The trial court once

1. We note, once again, the unexcused failure of the State of Texas to file a response brief pursu- ant to Tex.R.App.P. 74.

again exercised its discretion and ordered that the above periods of confinement be served under a work release program. The Orders of Confinement each provided in pertinent part as follows:

> Defendant is ordered confined to the El Paso County Jail and shall serve his/her confinement as indicated below:

> .    .    .    .    .

> c.  180 days beginning the 12 [sic] day of March 12, 1992, at 4:30 o'clock [sic] p.m., and until the day immediately following at 6:00 o'clock [sic] a.m., and on weekends from Friday 4:30 o'clock [sic] p.m., until Monday 6:00 o'clock [sic] a.m., until such confinement is served.

> .    .    .    .    .

On May 5, 1992, the trial court was advised by Lt. Edward V. Servider, Commander of the El Paso County Detention Facility, in writing and in pertinent part, as follows:

> On or about the 13 [sic] day of April 1992, the Defendant in the Above reference cause, violated the terms and conditions of the Commitment Order issued by your Court on the 12 [sic] day of March 1992. The Defendant: failed to report from 3–20–92 through 3–31–92. He then began reporting again and failed to report once again on 4–13–92 and has not returned ever since. Defn [sic] has not paid county fee, 3.00 [sic] AD [sic] owing balance of 63.00 [sic].

Based on the above information, the trial court amended its Orders of Confinement previously granting Appellant the privilege of work release and ordered Appellant to serve the remainder of his sentence "straight no work release." No hearing was conducted by the trial court prior to the amendment of the above Orders of Confinement, nor was Appellant given any notice as to the basis for such amendments and subsequent withdrawal of the work release "privilege."

The record in the instant case reveals that Appellant's Application for Writ of Habeas Corpus in the trial court is founded on the assertion that the *sentence* Appellant was being held on was void and further, that the trial court *amended the judgment* after it became final and in doing so, *without the benefit of a hearing*, violated the due process clause of the Constitution of the United States and the due course clause of the Texas Constitution. We disagree.

## II.  DISCUSSION

In his single point of error, Appellant effectively seeks reinstatement of the work release option as originally set by the sentencing court in regard to his second conviction for driving while intoxicated. Resolution of the instant appeal turns on the following two issues: First, whether or not the county court retained jurisdiction to amend the Orders of Confinement approximately 54 days after pronouncement of sentence. Second, whether Appellant was denied his right of due process because of the lack of notice and hearing. If the trial court lacked the requisite jurisdiction to amend the original Orders of Confinement, we need not reach the second issue.

### A.  EXTENSION OF THE TRIAL COURT'S PLENARY POWER

A careful search for established law in our jurisdiction fails to reveal any instance where a trial court's power or authority to amend its commitment order relating to Tex.Code Crim.Pro.Ann. art. 42.033 (Vernon Supp.1992) has been previously challenged. In support of his contention that the trial court was without jurisdiction, Appellant relies upon *State ex rel. Wilson v. Harris,* 555 S.W.2d 470, 472 (Tex.Crim. App.1977), in which the Court of Criminal Appeals held the trial court was empowered to allow the accused to serve a sentence on work release only at the time of sentencing. We find *Harris* inapplicable on the basis that the majority of the Court based its decision upon its reading of the then existing Article 42.03 § 5 of the Code of Criminal Procedure which has been subsequently amended and recodified.[2]

> "Where jail time has been awarded, the *trial judge may,* when in his or her discretion the

---

2.  Tex.Code Crim.Pro.Ann. art. 42.03, § 5 provided as follows:

The current statutory authority for the exercise of the work release option, Tex. Code Crim.Pro.Ann. art. 42.033(a), states as follows:

Where jail time has been awarded to a person sentenced for a misdemeanor or sentenced to confinement in the county jail for a felony or when a defendant is serving a period of confinement as a condition of probation, the trial judge, at the time of the pronouncement of sentence *or at any time while the defendant is serving the sentence* or period of confinement, when in the judge's discretion the ends of justice would best be served, may permit the defendant to serve the defendant's sentence or period of confinement during his off-work hours or on weekends. The judge may require bail of the defendant to ensure the faithful performance of the sentence or period of confinement. The judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence or period of confinement. [Emphasis added].

.     .     .     .     .

The statute relied upon by the Court of Criminal Appeals in *Harris* did not contain the emphasized language as set out in the current version of Article 42.033(a).[3] Since the current law expressly provides a trial judge may at, *any time during the sentence*, permit an accused to serve the sentence imposed during off-work hours, we find *Harris* is no longer controlling authority.

■ Appellant, arguing in the alternative, recognizes that the statutory change to Article 42.033(a) authorizes a trial court to institute the work release option during the term of confinement; however, he asserts that the law fails to give the trial court any authority to alter, change or modify a sentence which originally granted the work release option. To the extent that the trial court may modify the order of confinement and not the original sentence, we disagree.

Inherent in the authority to place a defendant in a work release program is the authority to terminate such an option. In that regard, we find that the intent of the legislature in enacting the work release provisions of Tex.Code Crim.Pro.Ann. arts. 42.033 and 42.034 was to increase the sentencing options available to the trial judge when the punishment imposed included confinement in the county jail. We further find that the intent of the legislature in its enactment of the above work release statutes was to insure that sentencing alternatives—including the work release option—are properly effectuated by inherently authorizing a remedy in the form of reformation, modification or amendment of the order of confinement which may provide for such sentencing alternatives.[4] *See also generally, Harris*, 555 S.W.2d at 476 (Onion, J., dissenting in that flexibility of law included power to modify sentence which majority disregarded) and at 478 (Phillips,

ends of justice would best be served, and upon written motion of the defendant, *sentence* the defendant to serve his or her sentence during his or her off-work hours, or on weekends. When *such a sentence* is permitted by the trial judge it must be served on consecutive days or consecutive weekends. The trial judge may require bail of the defendant to insure the faithful performance of the sentence. The trial judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence." [Emphasis added.]

3. Tex.Code Crim.Pro.Ann. art. 42.034(a), which provides for a county jail work release program, likewise vests in the trial court the authority to permit a defendant to serve his sentence in a county jail work release program. The authority of the trial court to place a defendant in a county jail work release program pursuant to Article 42.034(a), as in the case of Article 42.-033(a), may be exercised at the time of pronouncement of sentence or at any time while the defendant is serving the sentence or period of confinement.

4. The trial court's retention of jurisdiction in order to effectuate the proper administration of a sentence imposed with the work release option is analogous to the trial court's retention of jurisdiction while a probationer serves out the probated term assessed. *See Labelle v. State*, 692 S.W.2d 102, 105 (Tex.Crim.App.1985). *See also* Tex.Code Crim.Pro.Ann. art. 42.12, § 7 (Vernon Supp.1992).

J., dissenting in that potential changes in work environment require judge's power to alter or modify work release privilege). For these reasons, we hold the trial court retained jurisdiction to amend its order of commitment to the extent that Appellant serve the remainder of the sentence imposed in uninterrupted actual confinement rather than on work release.[5]

## B. APPLICABILITY OF HABEAS CORPUS AS METHOD OF RELIEF

For this Court to grant the habeas corpus relief sought by Appellant, the Court must find the judgment of conviction and/or the sentence of the court void, either because it was beyond the power of the trial court to enter the documents complained of, or the entry of either of the above documents served to deprive Appellant of his liberty without due process of law. *See Ex parte Barnett*, 600 S.W.2d 252 (Tex.1980).[6]

■ It is well established that habeas corpus will lie only to review jurisdictional defects or denials of fundamental or constitutional rights. *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex.Crim.App.1991); *Ex parte Watson*, 601 S.W.2d 350, 352 (Tex. Crim.App.1980), *citing Ex parte Shields*, 550 S.W.2d 670, 675 (Tex.Crim.App.1977) (Opinion on State's Motion for Rehearing); *Ex parte Mayes*, 538 S.W.2d 637, 638 (Tex. Crim.App.1976); *Ex parte Young*, 418 S.W.2d 824, 826 (Tex.Crim.App.1967). The writ of habeas corpus is an extraordinary remedy that is too serious and important a matter to be lightly regarded or easily abused. *Ex parte Emmons*, 660 S.W.2d 106, 110 (Tex.Crim.App.1983). It is for that reason, among others, that an appellate court should not "entertain an applica-

tion for writ of habeas corpus where there is an adequate remedy at law." *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Crim. App.1978); *see Ex parte Binder*, 660 S.W.2d 103 (Tex.Crim.App.1983); *Ex parte May*, 717 S.W.2d 84 (Tex.Crim.App.1986).

■ It is axiomatic that a criminal defendant, found guilty either by his own admission or subsequent to a trial wherein he or she has been afforded full due process rights, and who has been sentenced to a period of confinement in the county jail, does not have fundamental or constitutional right either under the Constitution of the United States or Texas Constitution to be free from further confinement by way of a work release program. A distinction must be drawn between the rights of a citizen who is merely accused of a crime and thus presumed to be innocent under our laws and the rights of the Appellant in the instant case who is under the full force of the penal system. By statutory construction, relief from further confinement under the above circumstances is afforded such a criminal defendant when the trial judge, at the time of the pronouncement of sentence or at any time *while the defendant is serving the sentence or period of confinement,* when in the judge's discretion the ends of justice would best be served, graciously elects to permit the defendant to serve the defendant's sentence or period of confinement during his off-work hours or on weekends. Tex.Code Crim.Pro.Ann. art. 42.033(a). Consequently, if a defendant sentenced to confinement in the county jail for a period of 180 days suddenly seeks his/her temporary release from confinement pursuant to Article 42.033(a), habeas corpus relief would clearly not be proper in that another appropriate procedural remedy is available. That remedy is for the defendant, or his counsel, to file the appro-

---

5. While one might have a valid reason for failing to comply with the terms of the work release privilege, any unexplained failure potentially subjects the prisoner to a felony escape charge pursuant to Tex.Penal Code Ann. § 38.-07(c) (Vernon 1989). *See Martin v. State,* 654 S.W.2d 473 (Tex.App.—Waco 1982), *rev'd on other grounds,* 652 S.W.2d 777 (Tex.Crim.App. 1983).

6. While we recognize that *Ex parte Barnett* was an original civil proceeding before our Supreme Court involving a contemnor's failure to pay child support, we note that the same established protections that apply to a contemnor in a contempt proceeding are applicable to a defendant in a criminal proceeding. *Ex parte Johnson,* 654 S.W.2d 415, 420–21 (Tex.1983); *Ex parte Occhipenti,* 796 S.W.2d 805, 808 (Tex.App.— Houston [1st Dist.] 1990, no writ).

priate request in the form of a Motion to Place Defendant on Work Release and seek a favorable ruling from the trial court.

■ Likewise, we hold that once a defendant who has been taken off work release, either by his own misdeeds or otherwise, seeks to once again profit from that sentencing option, habeas corpus relief is not proper in that another appropriate procedural remedy is available. That remedy is for the defendant, or his counsel, to file the appropriate request in the form of a Motion to *Reinstate* Defendant on Work Release and once again seek a favorable ruling from the trial court.[7]

Authorized sentencing alternatives available to trial judges in our jurisdiction are not only methods of insuring that the needs of the convict are met, but more importantly, exist to insure that the safety and welfare of society are protected, consistent with the overcrowding of Texas prisons and county jails. The intent of the legislature in enacting Article 42.033(a) and other sentencing alternatives found in the Texas Criminal Justice Reform Act of 1989 was to meet the above objectives, and not to confer upon a criminal defendant who has already availed himself of every due process right prior to conviction, of further "rights" as to how an imposed sentence will be served.[8]

We find that in the present case, Appellant's adequate remedy at law, as in the case of a Motion to Place Defendant on Work Release, is to file a Motion to *Reinstate* Defendant on Work Release. Such motion should be filed in the trial court which entered the original judgment of conviction and which initially placed the defendant on such work release and should state what reasons, if any, the defendant should once again be given the benefit of work release. Implicit in that request and in a proper reading of Article 42.033(a) is a request for a hearing.

## C. BURDEN OF PROOF AND SUFFICIENCY OF EVIDENCE

As noted above, the record in the instant case reveals that Appellant's habeas corpus application is based on the assertion that the *sentence* Appellant was being held on was void and further, that the trial court

---

**7.** The requirement of filing a Motion to Reinstate on Work Release described above is consistent with the procedure utilized in seeking the release of a defendant from confinement, *pretrial*, when a forfeiture of bail has been declared, a capias issued, and the defendant summarily arrested and incarcerated. In the latter case, the defendant who enjoys the rights of a citizen merely accused of a crime, but who is presumed innocent, may be required to remain in confinement pending trial, regardless of the reason for his failure to appear before the proper court to answer the accusation brought against him. Once arrested, the trial court in its discretion may require the defendant, in order to be released from custody, to deposit "current money of the United States in the amount of the new bond as set by the court...." Tex.Code Crim.Pro.Ann. art. 23.05 (Vernon 1989).

**8.** We are not unmindful of *Ex parte Walker*, 599 S.W.2d 332 (Tex.Crim.App.1980), cited in the dissenting opinion, wherein the Court of Criminal Appeals held in dicta that a sentencing privilege cannot be arbitrarily withdrawn at the whim of the trial court or upon the mere fact of the report of a violation. *Ex parte Walker*, 599 S.W.2d at 334. *Walker* is distinguishable from the instant case in that it arose prior to the Criminal Justice Reform Act of 1989 and the sentence of "house arrest" was not a duly authorized punishment. Further, the authorities relied on in *Walker* are exclusively probation revocation cases. *Ex parte Walker*, 599 S.W.2d at 334, citing *Wester v. State*, 542 S.W.2d 403 (Tex.Crim.App.1976); *Furrh v. State*, 582 S.W.2d 824 (Tex.Crim.App.1979); *Wallace v. State*, 575 S.W.2d 512 (Tex.Crim.App.1979). The sentencing "privilege" referred to in *Walker* arises only after a defendant, who is otherwise eligible for probation, has availed himself of the *right* to have probation considered by the trier of fact on punishment as an alternative to "straight time." A defendant has such a *right* in a trial before the court on punishment. when he is otherwise statutorily eligible for probation and when the maximum punishment assessed does not exceed ten years imprisonment. Such a *right* to have probation considered by a jury exists when the defendant is otherwise statutorily eligible for probation and when the maximum punishment assessed by the jury does not exceed ten years imprisonment, upon sworn motion made by the defendant filed before commencement of trial. Tex.Code Crim.Pro.Ann. art. 42.12 §§ 3 and 4 (Vernon 1979 and Supp. 1992). On the other hand, a defendant has no statutory *right* to have work release considered, must less assessed, as an alternative to confinement.

*amended the judgment* after it became final and did so without the benefit of a hearing.

■ The burden of proof in a misdemeanor post-conviction habeas corpus proceeding, as in its felony counterpart, is on the applicant. The standard of proof is by a preponderance of the evidence. *Ex parte Alexander,* 598 S.W.2d 308, 309 (Tex.Crim. App.1980); *Ex parte Bates,* 640 S.W.2d 894, 898 (Tex.Crim.App.1982); *Ex parte Walton,* 626 S.W.2d 528, 530 (Tex.Crim. App.1981).

A "judgment" is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. Tex.Code Crim. Pro.Ann. art. 42.01, § 1.

A careful review of the sparse record before this Court indicates that at Appellant's habeas corpus hearing, the trial court heard no sworn testimony. The sole evidence considered by the trial court was a certified copy of the contents of the clerk's file.[9]

The judgment entered in Appellant's first conviction for the offense of driving while intoxicated provided that Appellant was convicted upon his plea of guilty and further assessed punishment at two years' confinement in the El Paso County Jail and a fine of $300 together with all costs of court. The Order Revoking Misdemeanor Probation entered in Appellant's first conviction assessed punishment at a fine in the original amount of $300, and confinement in the El Paso County Jail for a period of 180 days, a period far less than the original two years which was assessed. The judgment entered in Appellant's second conviction for the offense of driving while intoxicated provided that Appellant was convicted upon his plea of guilty and further assessed punishment at a fine of $200 and 180 days' confinement in the El Paso County Jail, together with all costs of court.

■ While the trial court rescinded the sentencing option found in the Order of Confinement that Appellant serve his sentence on work release and further ordered that Appellant serve the remainder of his original sentence "straight time," the record is wanting of any evidence which would establish that the trial court *amended the judgment,* at any time, as alleged by Appellant. Accordingly, we find that Appellant has failed to sustain his burden of proof by a preponderance of the evidence that the trial court *amended the judgment,* as alleged in his writ of habeas corpus.

Appellant additionally seeks habeas corpus relief on the basis that the sentence on which he is held is void. We disagree.

The "sentence" is that part of the judgment, or order revoking a probated sentence, which orders that the punishment be carried into execution in the manner prescribed by law. The sentence served is based on the information contained in the judgment. Tex.Code Crim.Pro.Ann. art. 42.01, § 1; art. 42.02. The primary function of the sentence is to serve as the order of the trial court pronouncing judgment and ordering such judgment to be carried into execution. *Williams v. State,* 675 S.W.2d 754 (Tex.Crim.App.1984). In other words, the sentence is the official document which authorizes the confining authority to hold the defendant, and conveys to the confining authority the appropriate manner and length of such confinement. *Id.*

■ The record in the instant case reflects that the sentence pronounced, in Appellant's first and second convictions for driving while intoxicated, was 180 days' confinement in the El Paso County Jail. The sentence assessed by the trial court for the above offenses was well within the maximum allowed by law.[10] Accordingly,

---

9. Included in Defense Exhibit No. 1, the contents of the clerk's file, are certified copies of the docket sheets for both of Appellant's convictions for driving while intoxicated, appropriated judgments and sentences, orders of confinement

and notice of violation of conditions of work release, among others.

10. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(c) (Vernon Supp.1992) provides that "[e]xcept as provided by Subsection (d)(e), and (f) of this article, an offense under this article is punishable by: (1) a

we find that Appellant has failed to sustain his burden of proof by a preponderance of the evidence that the *sentence* under which he is held is void or otherwise illegal. For the above reasons, Appellant's sole point of error is overruled.

Having overruled Appellant's point of error, the judgment of the trial court is affirmed.

OSBORN, Chief Justice, concurring and dissenting.

I concur with the majority opinion that the trial court retained jurisdiction under Tex.Code Crim.Pro.Ann. arts. 42.031 and 42.033 to change the terms of the sentence insofar as it involves a work release program.

I respectfully dissent from the Court's determination that due process rights do not attach to a change of the sentence and that habeas corpus is not an appropriate remedy to determine due process violations in the sentencing process. In *Ex parte Walker*, 599 S.W.2d 332 (Tex.Crim.App. 1980), the movant sought habeas corpus relief from a misdemeanor charge of theft which resulted in her being sentenced to 60 days' confinement which she was to serve at her residence. When she left home a week later to pick up her daughter at school, she was confined in jail and sought relief by habeas corpus. On appeal, relief was granted. The Court initially found the *sentence* was invalid because her confinement could only be served in jail, not at home. That could have been the end of the opinion, but it was not.

The Court went further to state that "a *sentencing privilege* 'cannot subsequently be arbitrarily withdrawn at the whim of the trial court or upon mere fact of [a report of violation]. To hold otherwise would violate due process, due course of the law of the land, and fundamental fairness. The record here clearly supports the fact that the trial judge automatically revoked upon learning of a new [report of violation] and erred in so doing.' " [Emphasis added].

fine of not less than $100 or more than $2,000; and (2) confinement in jail for a term of not less

599 S.W.2d 332 at 334. There are identical facts in this case. The trial court received a report from the office of the sheriff of a sentence violation (failure to return after release for work) and without notice, hearing or any other due process procedures amended the Order for Confinement to terminate the work release provision.

Because the *Walker* opinion cites only cases involving revocation of probation, the majority of the Court concludes that it has no application to a sentence involving the work release program. I do not read the constitutional right of due process so narrowly. I believe due process applies to *all* judicial proceedings. Clearly the Court in *Walker* did not choose to limit due process rights only to a change of sentence where there is a revocation of probation. *There was no probation involved in Walker.*

While the Appellant may have a right to file a Motion to Reinstate, I would not limit the Great Writ where due process has been denied. The Court did not limit its use in *Walker* and took the opportunity to discuss the due process issue even after holding the original sentence was invalid.

than 72 hours or more than two years."