

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-17-00187-CR

Troy Allen **TIMMINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR16-153
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  July 18, 2018

AFFIRMED AS MODIFIED

The trial court revoked appellant's bail bond, allowed him to leave the courtroom, and ordered him to report later to the county jail, which he failed to do. Has the appellant committed an offense under section 38.10 of the Texas Penal Code, "Bail Jumping and Failure to Appear"? Deciding issues of first impression, we conclude he has; he was "released" from custody, and he subsequently failed to "appear" in accordance with the terms of his release. But, because the trial court erred by assessing attorney's fees, we modify the judgment to delete the assessment of attorney's fees and affirm the judgment as modified.

**BACKGROUND**

After being involved in a car accident, appellant Troy Allen Timmins was indicted in Bandera County for manslaughter and criminally negligent homicide. He was arrested and subsequently released from confinement on bail. The State moved to revoke Timmins's bail, alleging he had used drugs in violation of the conditions of his bail bond. The trial court set a hearing on the State's motion. Because Timmins could not drive and, believed he would not be taken into custody, Timmins had his elderly mother drive him from San Antonio to Bandera County for the hearing.

At the hearing, the trial court revoked Timmins's bond, but allowed Timmins to accompany his mother on her return to San Antonio. The trial court ordered Timmins to report to the Bandera County jail by 3:00 p.m. later that same day. Timmins accompanied his mother to San Antonio, but did not subsequently report to the Bandera County jail as ordered. Timmins was thereafter indicted, convicted by a jury, and sentenced for failing to appear under Texas Penal Code section 38.10. TEX. PENAL CODE ANN. § 38.10 (West 2016). Although the trial court found Timmins was indigent, the trial court assessed attorney's fees. Timmins filed a timely notice of appeal.

**PENAL CODE SECTION 38.10, "BAIL JUMPING AND FAILURE TO APPEAR"**

Section 38.10 of the Texas Penal Code generally provides that "[a] person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release." *Id.* § 38.10(a). In two legal sufficiency issues, Timmins argues his failure to report to the county jail was not an offense under section 38.10 because he was never "released" from custody and he did not fail to "appear," which he contends is a technical term meaning one's physical presence in court for a judicial proceeding.

**A. Standard of Review**

In reviewing the legal sufficiency of the evidence, we must determine whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We view all of the evidence in the light most favorable to the verdict. *Id.* We must defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences. *Id.*

**B. Statutory Construction**

To conduct a legal sufficiency review, we examine the statutory requirements necessary to uphold the conviction or finding. *Prichard v. State*, 533 S.W.3d 315, 319 (Tex. Crim. App. 2017). "We determine the meaning of statutes *de novo*." *Id.* When construing statutes, "we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We focus our analysis on the literal text of the statute and "attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* We apply the plain meaning of a term if the statute is clear and unambiguous. *Id.*

We may consult standard dictionaries to determine an undefined term's plain meaning. *Prichard*, 533 S.W.3d at 319-20. However, "[i]f a word or a phrase has acquired a technical or particular meaning, we construe the word or phrase accordingly." *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). "When interpreting a statute, we look not only at the single, discrete provision at issue but at other provisions within the whole statutory scheme." *State v. Schunior*, 506 S.W.3d 29, 37 (Tex. Crim. App. 2016).

**C. The Parties' Arguments and Authorities**

Timmins's challenges to the legal sufficiency of the evidence raise issues of first impression. They require us to construe the terms "release" and "appear," as they are used in

section 38.10. Timmins relies on *In re B.P.C.*, a case in which a juvenile challenged his adjudication for having engaged in the delinquent conduct of "escape" under section 38.06 of the Texas Penal Code. *See* No. 03-03-00057-CV, 2004 WL 1171670 (Tex. App.—Austin May 27, 2014, no. pet.) (mem. op.). In *In re B.P.C.*, the juvenile's disposition required him to report to a detention facility. *Id.* at *1. The trial court released the juvenile to retrieve some of his belongings and ordered him to report back to the detention facility, but the juvenile absconded. *Id.* The court in *In re B.P.C.* opined that prosecution under section 38.10 would have been a "strange fit" because the juvenile "was not released and ordered to appear at a later proceeding as envisioned by the failure to appear/bail jumping statute." *Id.* The court cited to cases and definitions suggesting "appear" means being physically present in court for a judicial proceeding. *See id.* Because the *In re B.P.C.* court addressed a charge of "escape" under section 38.06, we consider the court's remarks about section 38.10 to be dicta.

Timmins likewise cites to dictionary definitions suggesting "appear" means being physically present in court for a judicial proceeding, and he cites to cases in which appellate courts have affirmed defendants' convictions for failing to appear when the defendants were not physically present in court for a judicial proceeding. The cases cited by Timmins support only the proposition that a failure to appear under section 38.10 includes failing to be physically present in court for a judicial proceeding; not that section 38.10 excludes failing to report to jail under the circumstances similar to those in this case. Conversely, the State has cited no case involving a defendant's conviction under section 38.10 when the defendant failed to report to jail under circumstances similar to those in this case. In the absence of any authority on point, we address the issues of first impression by applying the general guiding rules and principles of construing statutes and reviewing the sufficiency of the evidence.

**D. "Release" from Custody**

Timmins argues he was never "released" from custody.[1] "Release" is not statutorily defined for purposes of section 38.10, but its plain meaning in this context is "[t]he action of freeing or the fact of being freed from restraint or confinement." *See* BLACK'S LAW DICTIONARY 1316 (8th ed. 2004). "Custody" includes being "under restraint by a public servant pursuant to an order of a court of this state." TEX. PENAL CODE ANN. § 38.01(1)(A) (West 2016). The statutory definition of "custody" includes the word "restraint," as does the dictionary definition of "release." Although "restraint" is not statutorily defined, its plain meaning in this context is "[c]onfinement, abridgement, or limitation," or "[p]rohibition of action; holding back." *See* BLACK'S LAW DICTIONARY, *supra*, at 1340. Thus, a person may be "released" from custody under section 38.10 when the person is freed from a prohibition or limitation on one's action.

The evidence at trial showed the conditions of Timmins's bail required him to be physically present for all hearings in the underlying case. Consequently, during the hearing on the State's motion to revoke, Timmins's physical presence in the courtroom was required and he was prohibited from leaving the courtroom. When the trial court revoked Timmins's bail, Timmins remained under a prohibition against leaving the courtroom. It was only when the trial court allowed Timmins to accompany his mother on her return to San Antonio that Timmins was freed from the prohibition against leaving the courtroom and freed from the limitation of being physically present in the courtroom. Giving "release" in section 38.10 its plain meaning, we hold that under these circumstances, a jury rationally could have found Timmins was "released" from custody. *See* TEX. PENAL CODE ANN. §§ 38.01(1)(a), 38.10(a). We therefore overrule Timmins's

---

[1] Timmins does not challenge the "custody" element of the offense. Instead, he argues, "An elected judge falls within the Penal Code definition of 'public servant.' . . . Appellant was under restraint by a public servant pursuant to an order of a court of this state. Hence, Appellant was in custody."

challenge to the "release" element of the offense, and turn to addressing whether Timmins's failure to report to the county jail as ordered was a failure to "appear."

**E. Failure to "Appear"**

Timmins argues his failure to report to the county jail was not a failure to "appear" because being physically present at a county jail is not an "appearance" under section 38.10. Timmins contends the term "appear" in section 38.10 has acquired a technical meaning of being physically present in court for a judicial proceeding. He further contends a failure to report to jail under the circumstances presented in this case is an "escape" under section 38.06, not a "failure to appear." The State counters that "appear" should be construed as "showing up" anywhere required by the terms of a defendant's release from custody.

*1. "Failure to Appear" vs. "Escape"*

Whether Timmins's conduct constituted an "escape" under section 38.06 is immaterial to whether Timmins's conduct constituted a "failure to appear" under section 38.10. A defendant's singular act or course of action may constitute multiple offenses. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). If a prosecutor has probable cause to believe the defendant committed an offense defined by statute, the prosecutor's decision of what charges, if any, to file generally rests entirely within the prosecutor's discretion. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) (citing *Bordenkircher v. Hays*, 434 U.S. 357, 364 (1978)). Timmins does not contend, and we do not conclude, that the State's construction would render any part of section 38.06 meaningless. We therefore need to consider only whether Timmins's failure to report to the county jail was a failure to "appear," as that term is used in section 38.10.

*2. The Plain Meaning of "Appear" in Section 38.10*

Section 38.10 provides:

> Sec. 38.10. BAIL JUMPING AND FAILURE TO APPEAR. (a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.
>     (b) It is a defense to prosecution under this section that the appearance was incident to community supervision, parole, or an intermittent sentence.
>     (c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.
>     (d) Except as provided in Subsections (e) and (f), an offense under this section is a Class A misdemeanor.
>     (e) An offense under this section is a Class C misdemeanor if the offense for which the actor's appearance was required is punishable by fine only.
>     (f) An offense under this section is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony.

The term "appear" is not statutorily defined for purposes of section 38.10. "Appear" can be used in a technical sense to mean "coming into court as a party or interested person." *See* BLACK'S LAW DICTIONARY, *supra*, at 107. Technically, "appear" may also be defined more broadly as "to come formally before an authoritative body." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 102 (Philip Babcock Gove et al. eds., 1981). However, the plain meaning of "appear" is broader and includes "to come into view" or, as the State defines the term, "to show up" somewhere. *See id.*

Section 38.10 is the only provision in chapter 38 that contains the term "appear." *See* TEX. PENAL CODE ANN. §§ 38.01-38.19. Subsection (a) contemplates that someone who fails to "appear" will have been lawfully released from restraint or confinement, with or without bail, on condition that he subsequently be physically present at some place and time. *Id.* § 38.10(a). Generally, subsection (a) applies to a defendant who is charged and arrested for an offense, placed in jail, and then released from confinement pending trial on the charged offense. *See id.*; *see, e.g.*, *Bailey v. State*, 507 S.W.3d 740, 742 (Tex. Crim. App. 2016). Court-imposed conditions of a defendant's pre-trial release from confinement will require the defendant to be physically present

for trial. *See* TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2015). However, the conditions of the defendant's pre-trial release may also require the defendant to be physically present at places other than in court, such as a residence as part of a home curfew or a facility for drug or alcohol testing, treatment, or education. *See id.* arts. 17.03(c), 17.43(a), 17.44(a)(1)-(2) (West 2015 & Supp. 2017). We find nothing in subsection (a) other than the word "appear" that supports either side's construction. *See* TEX. PENAL CODE ANN. § 38.10(a). Similarly, we find nothing in subsections (c) through (f) that would support either side's construction. *Id.* § 38.10(c)-(f).

As used in subsection (b), however, the term "appearance" suggests the Legislature used the word "appear" more broadly than Timmins proposes. *See id.* § 38.10(b). Subsection (b) provides a defense to prosecution if the "appearance was incident to community supervision, parole, or an intermittent sentence." *Id.* Conditions of community supervision, parole, and intermittent sentences generally require a defendant to be physically present at places other than in court for a judicial proceeding. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(4) (West 2018) (providing reporting to supervision officer may be a condition of community supervision); TEX. GOV'T CODE ANN. § 508.221 (West Supp. 2017) (providing reporting to supervision officer may be a condition of parole) (citing article 42A); TEX. CODE CRIM. PROC. ANN. art. 42.033(a)-(e) (West 2018) (providing intermittent sentences that require going to and from a place of confinement). A defendant's physical presence may be required in court for a judicial proceeding when a defendant violates conditions of his community supervision. *See, e.g.*, arts. 42A.108, 42A.751(a)-(c) (West Supp. 2017). It is also unsettled whether a court hearing is necessary when a trial court revokes an intermittent sentence. *See Guzman v. State*, 841 S.W.2d 61, 67 (Tex. App.—El Paso 1992, pet. ref'd); *see also id.* (Osborn, C.J., concurring and dissenting) (agreeing with majority that a trial court retains jurisdiction to modify conditions of an intermittent sentence, but disagreeing that the trial court may do so without a hearing). But when a defendant violates a

condition of parole, a judicial proceeding is not required because parole revocation involves an administrative hearing before the board of pardons and paroles. *See* TEX. GOV'T CODE ANN. §§ 508.251, 508.281 (West Supp. 2017).

Thus, community supervision, parole, and intermittent sentences generally do not involve a defendant's physical presence for an official court proceeding. However, if a defendant violates a condition of community supervision, parole, or an intermittent sentence, the defendant may be required to appear for an official proceeding. If a parolee violates a parole condition, there is no official proceeding in court because parole-revocation hearings are administrative hearings. *See id.* While we cannot agree that the legislature used the word "appear" in subsection (a) as meaning *only* "coming into court as a party or interested person," *see* BLACK'S LAW DICTIONARY, *supra*, at 107, subsection (b) does not necessarily require construing "appear" more broadly than "com[ing] formally before an authoritative body." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, *supra*, at 102. Having considered section 38.10 as a whole, and in light of the statutory scheme in chapter 38, we conclude there is no textual basis for either party's construction that would include or exclude the facts of the present case.

### 3. Extra-Textual Factors

Finding no additional support for either party's construction from the textual provisions of section 38.10 or chapter 38 as a whole, we turn to consider legislatively provided, extra-textual considerations, such as the object the statute seeks to attain, other statutes on the same subject, and the consequences of a construction, to determine the Legislature's intent. *See* TEX. GOV'T CODE ANN. § 311.023 (West 2013) (providing other factors for consideration "whether or not the statute is considered ambiguous on its face"); *Prichard*, 533 S.W.3d at 327. Before turning to those factors, we note "[t]he rule that a penal statute is to be strictly construed does not apply to [the Penal Code]. The provisions of this code shall be construed according to the fair import of their

terms, to promote justice and effect the objectives of the code." TEX. PENAL CODE ANN. § 1.05 (West Supp. 2017); *see State v. Johnson*, 198 S.W.3d 795, 796 (Tex. App.—San Antonio 2006) (stating the common-law rule of lenity for construing penal provisions does not apply to the Texas Penal Code), *aff'd*, 219 S.W.3d 386 (Tex. Crim. App. 2007). We begin with the purposes of the statute.

### a. *Purposes of Section 38.10*

The parties have cited no authority, and we have found none, explaining the purposes of Texas's bail-jumping and failure to appear statute. But section 38.10's various provisions make it apparent that section 38.10's principal purpose is to ensure the defendant is physically present for trial on a pending criminal charge. A criminal case generally cannot proceed to trial unless the defendant is physically present. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006); *Illinois v. Allen*, 397 U.S. 337, 338 (1970). Texas law generally provides two methods of ensuring the defendant is physically present for trial: (1) confining the defendant until trial; or (2) if the defendant is released from confinement before trial, ordering the defendant to be physically present for trial. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 17.01-17.49. The Texas Legislature has provided for bail forfeiture, which incentivizes the defendant to be physically present for trial on a pending criminal charge. *See* TEX. CODE CRIM. PROC. ANN. arts. 22.01-22.18 (West 2009).

By providing an offense for not being physically present at trial on a pending criminal charge, section 38.10(a) further helps to ensure the underlying criminal case may proceed to trial and to an adjudication of the charged offense. *See* TEX. PENAL CODE ANN. § 38.10(a). Conversely, subsection (b) provides defenses to prosecution when there are no criminal charges pending: when adjudication of the charges have been deferred (pre-trial community supervision), and when the charges have been adjudicated (post-conviction community supervision, parole, and intermittent sentences). *Id.* § 38.10(b). The apparent purpose is also reflected by subsections (d) through (f),

the offense classification provisions, which refer to the "offense for which the actor's appearance was required." *Id.* § 38.10(d)-(f). Thus, section 38.10's apparent purpose is to ensure the defendant will be physically present at trial.

When, as here, the defendant is released from confinement before trial on bail, and the trial court revokes the bail, the only options are to confine the defendant until trial or to conduct another bond hearing. However, circumstances, such as those in this case or those in *In re B.P.C.*, may arise when a trial court may exercise its discretion to grant the defendant some clemency before having the defendant confined again. *See* 2004 WL 1171670, at *1. In such circumstances, the purpose of the trial court ordering the defendant to report to jail comports with the purpose of section 38.10: ensuring the defendant is accounted for so that the criminal case may proceed to trial on the pending criminal charge. Construing "appear" as including the facts of the present case would therefore be consistent with section 38.10's apparent purpose, whereas Timmins's narrow construction would seem to undermine section 38.10's apparent purpose. We conclude this extra-textual consideration weighs against Timmins's construction. *See* TEX. GOV'T CODE ANN. § 311.023(1); *Prichard*, 533 S.W.3d at 327.

### b. Other Statutes on the Same Subject

We next consider provisions of other statutes on the subject of bail and failures to appear. *See* TEX. GOV'T CODE ANN. § 311.023(4). The Texas Transportation Code provides a similar "failure to appear" offense in section 543.009. TEX. TRANSP. CODE ANN. 543.009 (West 2011). Section 543.009 provides:

> (a) A person may comply with a written promise to appear in court by an appearance by counsel.
>
> (b) A person who wilfully violates a written promise to appear in court, given as provided by this subchapter, commits a misdemeanor regardless of the disposition of the charge on which the person was arrested.

*Id.* In section 543.009 of the Transportation Code, unlike section 38.10 of the Penal Code, the Legislature clarified "appear" with the words "in court." *See id.*; *see also id.* §§ 543.003, 543.004(a)(2), 543.005. If the Legislature intended the term "appear" in this context to mean only a court appearance, then the phrase "in court" in section 543.009 would be superfluous. *See Azeez v. State*, 248 S.W.3d 182, 191-93 (Tex. Crim. App. 2008) (holding these two "failure to appear" offenses are *in pari materia* and must be construed "as though they were parts of one and the same law"). Other statutes on the same subject suggest the Legislature did not intend the word "appear," as used in statutes relating to bail and failures to appear, to be limited only to being physically present in court. *See* TEX. GOV'T CODE ANN. § 311.023(4); *Prichard*, 533 S.W.3d at 327.[2] We conclude this extra-textual consideration also weighs against Timmins's construction.

### c. Consequences of Timmins's Construction

Adopting Timmins's construction would also impose an unnecessary burden on a trial court when, in the interest of justice, the court grants the defendant some clemency to handle personal matters before being confined pending trial or another bond hearing. It would make little sense that, to further the purpose of section 38.10, a trial court would have to set a hearing; condition the defendant's release on returning to the courtroom for that hearing; open the case; order the defendant to be arrested by the sheriff's deputies; and then have the sheriff or sheriff's deputies transport the defendant to jail. When the defendant can report directly to jail, "[i]t would make little sense to require [the defendant] to appear in the courtroom personally before the judge simply to be transported to the jail." *See State v. Jackson*, 488 N.W.2d 701, 705 (Iowa 1992). We

---

[2] Many other statutory provisions relating to bond revocations and failures to appear also qualify the term "appear" as either before a court or judge; as required by a court order; in response to a summons; in accordance with the Code of Criminal Procedure; or according to bond conditions. *See* TEX. CODE CRIM. PROC. ANN. arts. 15.17, 17.08, 17.49, 22.01, 22.13, 22.18, 23.03, 45.016, 45.044 53.13.

conclude this extra-textual consideration weighs against Timmins's construction. *See* TEX. GOV'T CODE ANN. § 311.023(5); *Prichard*, 533 S.W.3d at 327.

### d. *Our Construction of the Term "Appear" in Section 38.10*

Having considered the provisions of section 38.10, chapter 38 as a whole, and legislatively provided extra-textual considerations, we conclude the Legislature intended courts to construe the term "appear" with reference to the terms of the particular terms of the defendant's release from custody. *See* TEX. PENAL CODE ANN. § 38.10(a) (providing a failure to appear is an offense only if the defendant "fails to appear in accordance with the terms of his release"). Our construction includes an "appearance" in the technical legal sense. *See, e.g.*, *Bailey*, 507 S.W.3d at 742 (failure to be physically present in court for a judicial proceeding); *Azeez*, 248 S.W.3d at 185 & n.5, 189-93 (suggesting responding to a charged traffic offense would satisfy terms of release from arrest during a traffic stop). But we construe the term "appear" in section 38.10 as including places, other than a courtroom, where a defendant may be required to report or be physically present as required by the conditions of the defendant's release from custody.

### 4. *Application of the Law to the Evidence Admitted at Trial*

The evidence admitted at Timmins's trial shows Timmins had criminal charges pending, Timmins was released on bail, and the trial court revoked Timmins's bail. The evidence further shows the trial court released Timmins from the courtroom and imposed a condition on Timmins's release. The terms of Timmins's release required him to report to and be physically present at the county jail by 3:00 p.m. later that day to await trial. The evidence also shows Timmins failed to report to and be physically present at the county jail as required by the terms of his release. We therefore hold there is legally sufficient evidence that Timmins failed to appear in accordance with the terms of his release. *See* TEX. PENAL CODE ANN. § 38.10(a).

**ATTORNEY'S FEES**

Timmins argues the evidence is insufficient to support the assessment of attorney's fees because his presumed indigence was never rebutted. In its brief, the State agrees, acknowledging Timmins is entitled to have the judgment reformed because the presumption of indigence was never rebutted. The record shows the trial court determined Timmins was indigent, and did not make a finding that Timmins was able to repay any amount of the costs of court-appointed legal counsel. In such circumstances, the proper remedy is to delete the assessment of attorney's fees from the judgment. *See Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013).

**CONCLUSION**

There is legally sufficient evidence that Timmins was "released" from custody and failed to "appear" as contemplated by section 38.10(a). The facts of this case do not present a paradigmatic example of a failure to appear, and therefore may seem to be a "strange fit." *See In re B.P.C.*, 2004 WL 1171670 at *1. Nevertheless, considering the text and purpose of section 38.10, chapter 38 as a whole, other statutes on similar subjects, and the consequences of Timmins's constructions, we conclude the facts of this case fit within the fair, objective meaning of section 38.10. But because the trial court erred by assessing attorney's fees, we modify the judgment to delete the assessment of attorney's fees and affirm the judgment as modified. *See Cates*, 402 S.W.3d at 251-52; *see also* TEX. R. APP. P. 43.2(b) (permitting our judgment on appeal to modify the trial court's judgment and affirm the judgment as modified).

Luz Elena D. Chapa, Justice

PUBLISH