Dismissed and Memorandum Opinion filed November 6, 2008








Dismissed
and Memorandum Opinion filed November 6, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00961-CR

________________________

 

EX PARTE MACDONALD OKECHUKWU
OSUAGWU

 

 



 

On Appeal from the County Court at
Law No. 1

Fort Bend County, Texas

Trial Court Cause No. 126673

 



 

M E M O R A N D U M   O P I N I O N

After a
jury trial, appellant was convicted of possession of marijuana, a misdemeanor.
On October 22, 2007, the court sentenced appellant to confinement in jail for
90 days.  No timely motion for new trial was filed.  Appellant=s notice of appeal was not filed
until April 2, 2008.  Therefore, on May 15, 2008, this Court dismissed
appellant=s appeal for want of jurisdiction because the notice of appeal was filed
late.  See Osuagwu v. State, No. 14-08-00292-CR, (Tex. App.CHouston [14th Dist.] May 15, 2008, no
pet.) (not designated for publication).  








Appellant
filed an application for habeas corpus relief on July 23, 2008, asserting that
he was illegally restrained at an Immigration and Customs Enforcement facility
due to his conviction.  See Tex.
Code Crim. Proc. Ann. art. 11.09 (Vernon 2005) (providing that
post-convictions writs of habeas corpus in misdemeanor cases may be heard in
county court).  On July 30, 2008, the trial court granted the writ and ordered
appellant brought to court for a hearing on his requested relief.  The record
before this court does not contain a signed order granting or denying appellant=s requested relief.  The trial court
signed a new judgment commencing appellant=s sentence on August 21, 2008,
however.  Appellant filed a new notice of appeal from this judgment on October
2, 2008.

Appeals
from the denial of relief in misdemeanor post-conviction habeas corpus
proceedings are properly directed to the intermediate courts of appeals.  See
Ex parte Jordan, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983).  Even if we
construed the new judgment signed August 21, 2008, as an order denying
appellant=s requested habeas relief, appellant=s notice of appeal is untimely to
invoke our jurisdiction.

A
defendant=s notice of appeal must be filed within thirty days after sentence is
imposed when the defendant has not filed a motion for new trial, or within
thirty days after the trial court enters an appealable order.  See Tex. R. App. P. 26.2(a)(1).  A notice
of appeal that complies with the requirements of Rule 26 is essential to vest
the court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the appeal. 
Under those circumstances it can take no action other than to dismiss the
appeal.  Id.

 

 








Appellant=s notice of appeal was filed more
than thirty days after the trial court=s August 21, 2008, order. 
Accordingly, the appeal is ordered dismissed.

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed
November 6, 2008.

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown. 

Do Not Publish C Tex. R. App. P.
47.2(b).