

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00142-CR

_____

JONATHAN BILLY TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34,207-B

Before Carter, Moseley and Cornelius,* JJ.
Opinion by Justice Cornelius

_____

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

Jonathan Billy Taylor was convicted, in a bench trial, of the offense of manslaughter. The trial court set Taylor's punishment at twenty years' confinement.

Taylor does not challenge the sufficiency of the evidence to support the conviction. He raises only one issue on appeal: the trial court's alleged error in denying Taylor's motion to withdraw his waiver of a jury trial.

Taylor was indicted on April 5, 2006. On September 26, 2006, Taylor filed a motion electing to have a jury assess his punishment, and on October 13, 2006, he waived arraignment and the trial court entered a pretrial order. The next activity in the case was on June 20, 2007, when Taylor signed a written waiver of jury trial, an agreement to plead guilty to the offense, and a stipulation of evidence. On that occasion, the trial court admonished Taylor personally in open court concerning the knowing and voluntary nature of the jury waiver and its consequences. Also at the same time, the trial court set Taylor's trial on his guilty plea for July 6, 2007. Three days before that trial date, Taylor sent a personal letter to the Gregg County Community Supervision Office, with a copy to the trial court, in which he indicated that he intended to ask that his jury waiver be withdrawn, but he did not file a motion to withdraw the jury waiver until July 6, 2007, the day set for the trial. On that date, the trial court moved the date for Taylor's trial on the guilty plea from July 6, 2007, to July 26, 2007, and set July 16, 2007, as the day for hearing Taylor's motion to withdraw his jury waiver. At the hearing on the motion to withdraw the jury waiver, Taylor's former attorney, the State's attorney,

and Taylor himself testified. The trial court made comments and observations concerning the effect a withdrawal of the jury waiver would have on the court's docket, and Taylor's current attorney presented argument on the merits of the motion. The trial court then overruled Taylor's motion to withdraw his waiver of jury trial, and the case was tried before the court on Taylor's not guilty plea on July 26, 2007.

Both the United States Constitution and the Texas Constitution guarantee the right to a trial by jury. U.S. CONST. amend. VI; TEX. CONST. art. I, § 15; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.12 (Vernon 2005). The right to a jury trial may be waived in a criminal case if the defendant personally signs a written waiver in open court with the consent and approval of the court and the State's attorney. TEX. CODE CRIM. PROC. ANN. art. 1.13 (Vernon 2005).

A defendant may withdraw his waiver of jury trial if the motion to withdraw is made sufficiently in advance of trial that the granting of the motion will not produce adverse consequences. *Marquez v. State*, 921 S.W.2d 217, 221–22 (Tex. Crim. App. 1996). Adverse consequences that may authorize a court to deny a motion to withdraw a jury waiver are (1) interference with the orderly administration of the business of the court; (2) unnecessary delay or inconvenience to witnesses; or (3) prejudice to the State. If any of these adverse consequences would occur, the court does not err in overruling the motion to withdraw. *Id.* at 222. Because a motion to withdraw a jury waiver is a request to change the status quo, the movant has the burden to show facts entitling him to relief, i.e., that no adverse consequence will follow from granting the motion to withdraw. *Id.* at 222–23.

3

We review a trial court's overruling of a motion to withdraw a jury trial waiver for an abuse of discretion. *Id.* at 219. A trial court abuses its discretion when it acts without reference to guiding rules and principles, or in other words, when it acts arbitrarily or capriciously. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). If the State, the record itself, or the trial court rebuts the defendant's claim of no adverse consequences, the trial court does not abuse its discretion in denying the motion to withdraw the waiver of jury trial. *Marquez v. State*, 921 S.W.2d at 223; *In re J.I.C.*, No. 08-02-00239-CV, 2004 Tex. App. LEXIS 2758 (Tex. App.—El Paso Mar. 26, 2004, no pet.).

At the hearing on the motion to withdraw the jury waiver, Taylor's former attorney, Kevin Settle, testified that he was not aware that any witness was inconvenienced by the court's moving the trial setting from July 6 to July 26, 2007, and that Taylor informed the community supervision office and the trial court by letter on July 3, 2007, that he intended not to plead guilty on July 6 as previously agreed, and wanted a jury trial. Settle further testified he had no evidence and no reason to believe that Taylor was seeking to withdraw his jury waiver for the sole purpose of delaying the trial, and Settle said he believed that Taylor was being honest and truthful in his desire to have a jury trial. Settle also said he could not answer whether any adverse consequence would occur if the jury waiver were withdrawn, but he knew of none.

The State's attorney, William Jennings, testified. He said there were no witnesses present in court on July 6, 2007, who were inconvenienced by the court's moving the nonjury trial date to

4

July 26. He also testified that Taylor's making a request to withdraw his jury waiver had no impact on the State's case, but in his opinion, allowing the withdrawal of jury waivers would greatly inconvenience the court. Jennings said he had no way of knowing if some of the witnesses in Taylor's case would have been inconvenienced if they had been given only ten days' notice of the withdrawal of Taylor's jury waiver and the case being set for jury trial. Jennings also testified he believed it could interfere with the business of the court if the court gave Taylor a jury trial after he had previously waived a jury.

Taylor testified that he knew he had a right to a jury trial when he waived that right; that his attorney explained his rights to him and he knew what he was doing; that subsequent to his waiver he made a decision to withdraw the waiver and change his plea; he did not change his mind and ask for a jury trial for the purpose of delaying the trial, but so he could change his plea and have a jury trial.

On completion of the testimony, the trial court took judicial notice of its trial schedule and its records, and made observations about the effect that a withdrawal of Taylor's waiver of a jury trial would have had. The court noted that its docket is extremely heavy, with jury weeks containing specific trial settings extending well beyond the month of August. The court commented that giving Taylor a jury trial at this time and in the existing circumstances would require taking cases off the trial docket that the State had in good faith already made plans to try on those weeks. In summary, the trial court said that to allow the withdrawal of Taylor's jury waiver in these circumstances would

5

"wreck" the court's docket and would interfere with the orderly administration of the business of the court.

We conclude that Taylor has failed to carry his burden to produce sufficient facts showing that no adverse consequences would result from the granting of his motion to withdraw his jury waiver. The trial court is vested with broad discretion to manage and control its docket in order to promote the orderly and efficient administration of justice while protecting the statutory and constitutional rights of all persons who come before the court. *Marquez v. State*, 921 S.W.2d at 223. It appears that the trial court has acted in these circumstances in a good-faith effort to fairly and efficiently administer justice. Taylor has not shown otherwise. We, therefore, conclude that the trial court did not abuse its discretion in denying Taylor's motion to withdraw his waiver of a jury trial.

We affirm the judgment of the trial court.


William J. Cornelius*
Justice

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

Date Submitted:    March 14, 2008
Date Decided:    May 6, 2008

Publish