**Affirmed and Opinion Filed April 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00189-CR

### JESSIE EUGENE MANCILLA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 061993**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Jesse Eugene Mancilla appeals his conviction for possession of methamphetamine in an amount of one gram or more but less than four grams. A jury convicted appellant and sentenced him to confinement for life.[1] In two issues, appellant argues the trial court's refusal to allow appellant to substitute counsel on the day of trial violated his right to counsel, and the admission of evidence relating to a prior burglary of a habitation was substantially more prejudicial than probative. We affirm the trial court's judgment.

---

[1] Appellant was initially charged by information with the offense of possession of methamphetamine in an amount of one gram or more but less than four grams. The State subsequently filed a motion to amend and add an enhancement paragraph alleging a final conviction for possession of a controlled substance in an amount less than one gram. Prior to trial, the State filed its notice of intent to introduce evidence of extraneous offenses including possession of a controlled substance in an amount of 4 grams or more but less than 200 grams; prohibited substance in a correctional facility; burglary of a habitation; burglary of a building and/or theft of a firearm; two charges of bail jumping and failure to appear; possession of a controlled substance in an amount less than one gram; two charges of forgery of a financial instrument; unauthorized use of a vehicle; evading arrest; two charges of theft; credit card abuse; two charges of forgery; and two charges of theft by check.

On December 7, 2011, Sherman police officer Nick Emmons was driving with detective Shawn Kelly when he saw a black Honda he recognized as the vehicle he was looking for in connection with a previous burglary of a habitation case. As part of his investigation into the burglary of a habitation case, Emmons had interviewed a witness to the burglary who described the Honda and its license plate. As soon as the Honda passed Emmons, it "made a right and accelerated" in an attempt to get away. Emmons followed, and the Honda "immediately pulled into a driveway" when Emmons caught up. Emmons pulled into the driveway behind the Honda and saw a "baggie come flying out of the passenger window and hit the ground." Emmons got out of his vehicle, and the driver of the Honda got out at the same time. Emmons ordered the driver to show his hands, and he went up to the driver and handcuffed him. Emmons identified the driver as Scotty Frost and the passenger as appellant, and he and Kelly detained them both. Emmons took pictures of the Honda and the baggie, and he found a second baggie. Both baggies contained a white crystal substance Emmons believed was methamphetamine. Using a field testing kit, Emmons tested the white crystal substance and determined it tested positive for methamphetamine. Emmons searched the vehicle and, in between the driver's seat and center console, found "a large number of smaller bags that are generally used for the distribution of drugs." In the back seat, Emmons found a set of digital scales. Appellant was wearing a black case on a lanyard around his neck. Inside the case, Emmons found "several more little bags" and "a set of scales that looked like an iPod case."

Appellant was charged with possession of methamphetamine in an amount of one gram or more but less than four grams. During Emmons' testimony at trial, he testified he recognized the vehicle in which appellant was a passenger as one he was looking for in connection with a previous burglary of a habitation case. Appellant's counsel objected "to testimony about extraneous offenses" and asked that a limiting instruction be placed in the court's charge. The

trial judge overruled the objection but instructed the jury that, if there was any testimony regarding appellant having committed any offenses other than the charged offense, the jury could not consider said testimony for any purpose unless it believed beyond a reasonable doubt appellant committed such other offenses, if any. Even then, the judge continued, the jury could "only consider the same in determining the intent, knowledge, design, scheme, or system, if any, in connection with the offense alleged in this case."

The court's charge contained a similar limiting instruction as follows: "The State has introduced evidence of extraneous crimes or bad acts other than the ones charged in the indictment in this case. The evidence was admitted only for the purpose of assisting you, if it does, for the purpose of showing the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if any. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that the defendant committed these acts, if any, and then only for the limited purposes indicated above." The jury convicted appellant, and this appeal followed.

In his first point of error, appellant argues the trial court violated his right to counsel by denying his motion to substitute counsel on the day of trial. The trial court has discretion to determine whether counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). However, the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *Id.* A criminal defendant is entitled to the effective assistance of counsel, but the constitutional protection cannot be used to obstruct the orderly procedure in the courts or interfere with the fair administration of justice. *Dunn v. State*, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991). Thus, a criminal defendant may not wait until the day of trial to demand different counsel or request that

counsel be dismissed so the defendant may retain other counsel. *Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. 1979); *Webb v. State*, 533 S.W.2d 780, (Tex. Crim. App. 1976).

Appellant was arraigned on December 8, 2011, and he indicated at that time that he had retained an attorney. On August 6, 2012, the trial court signed an order granting "Movant's Motion for [sic] Withdraw as Counsel." On August 14, 2012, appellant signed a waiver of his right to apply for court appointed counsel and stated the reason was "retaining attorney." However, on August 27, 2012, the trial court appointed an attorney to represent appellant. On November 26, 2012, counsel appeared at trial and began addressing pretrial matters including a motion in limine he had filed. Counsel stated he had spoken with the prosecutor and appellant, and appellant had agreed to plead guilty to a charge of theft, enhanced, and accept a ten-year sentence "with the understanding that we will try the other drug charge." The prosecutor confirmed the agreement and stated that, in exchange for appellant's guilty plea to the theft charge and waiver of his right to appeal, the State would not seek "any stacked sentences for any of the following cases, regardless of the outcome." Appellant's counsel indicated appellant had "just informed [him] he'd rather plead to [the theft case] and try the drug charge." The prosecutor requested a jury shuffle.

At this point in the proceedings, a new attorney requested leave to approach and stated appellant's mother had "just walked in our office" and "wants to retain us." The new attorney stated he did not "know anything about this case" and would "not be able to try a case today," but "they have stated that [appellant] wants me to represent him in all other actions against him." The trial court considered the request an oral motion to substitute counsel and denied the motion, noting the new attorney was "not ready for trial this morning."

Trial courts are vested with broad discretion to manage and control their dockets in order to promote the orderly and efficient administration of justice while protecting the statutory and

–4–

constitutional rights of all persons coming before the court. *See Taylor v. State*, 255 S.W.3d 399, 402 (Tex. App.—Texarkana 2008, pet. ref'd). Under the circumstances of this case, we conclude the trial court did not abuse its discretion in refusing appellant's request to substitute counsel on the day of trial. We overrule appellant's first issue.

In his second issue, appellant argues the admission of evidence relating to a prior burglary of a habitation was substantially more prejudicial than probative and prevented appellant from receiving a fair trial. Specifically, appellant complains of the admission of evidence that, at the time of his arrest, he was wearing jewelry stolen in the prior burglary of a habitation. Appellant further argues that admission of this evidence "went way beyond" evidence showing the context of the offense and "into the danger area that Rule 404(b) is there to prevent."

We review the trial court's evidentiary rulings under an abuse of discretion standard, meaning we will uphold the trial court's decision if it is within "the zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh'g).

Rule 404(b) prohibits the admission of extraneous offense evidence to prove an individual's character in order to show action in conformity with that character. TEX. R. EVID. 404(b). This limitation is not based on legal relevance; rather, the evidence is inherently prejudicial, has a tendency to confuse the issues, and forces the accused to defend himself against uncharged crimes in addition to the charged offense. *Daggett v. State*, 187 S.W.3d 444, 451 (Tex. Crim. App. 2005); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972). However, extraneous offense evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). These exceptions are not exclusive, and the proponent of

misconduct evidence need not "stuff" a given set of facts into one of the laundry-list exceptions set out in Rule 404(b) for admission to be proper; he must, however, explain the logical and legal rationales that support admission. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

Once the trial judge has ruled on whether the evidence is relevant beyond its character conformity value, he has ruled on the full extent of the opponent's rule 4040(b) objection but may then address the opponent's rule 403 objection. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App.). Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403.

In considering a rule 403 challenge, courts must balance (1) the inherent probative force of the evidence —that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation, with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, commonly, an emotional one, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). We should reverse the trial court's balancing determination "rarely and only after a clear abuse of discretion." *Montgomery*, 810 S.W.2d at 392.

Here, appellant's opening statement characterized this as a case "about possession and it's about intent to deliver." Appellant's counsel referred to questions during voir dire

concerning "care, custody, control, and management, and about what we look for as everyday citizens of whether or not somebody possesses something to deal it, to deliver it, to sell it." In closing argument, appellant's counsel emphasized appellant was a passenger in the car, appellant did not get out of the car and attempt to flee, and appellant did not "make any affirmative movements." Thus, appellant's theory of the case was that he did not possess the methamphetamine in this case and was merely a passenger in the car from which methamphetamine was thrown.

Emmons testified he stopped the black Honda because he recognized the vehicle in which appellant was a passenger as one he was looking for in connection with a previous burglary of a habitation case. This testimony provided a context for the stop: it was based on a witness statement describing the car and its license plate. As such, the testimony showed Emmons had a valid reason to stop the Honda and was not an attempt to establish an extraneous offense to prove appellant's character in order to show action in conformity with that character. *See* TEX. R. EVID. 404(b); *De La Paz*, 279 S.W.3d at 343. It was critical for the State to establish Emmons' stop of the Honda was justified, and its probative value was clearly not substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403; *Gigliobianco*, 210 S.W.3d at 641-42. Accordingly, the trial court did not abuse its discretion in admitting evidence that Emmons stopped the Honda because of its association with a prior burglary of a habitation. *See Montgomery*, 810 S.W.2d at 390-91.

To the extent appellant complains of the admission of Emmons' testimony that appellant "had some jewelry [that was] stolen in the original burglary," appellant did not object to this testimony and therefore has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). Although appellant filed a motion in limine seeking to exclude evidence of extraneous offenses, a motion in limine, whether granted or denied, preserves nothing for appellate review. *See*

*Manns v. State,* 122 S.W.3d 171, 190 (Tex. Crim. App. 2003); G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 42.152 (2d ed. 2001). We overrule appellant's second issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130189F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSIE EUGENE MANCILLA, Appellant

No. 05-13-00189-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 061993.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 29, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE