

## Fourth Court of Appeals
### San Antonio, Texas

## CONCURRING OPINION

No. 04-23-00729-CR

**EX PARTE** Jose Eleazar **MARMOLEJO-PALACIOS**

From the County Court, Zapata County, Texas
Trial Court No. CR-08507
Honorable Susan D. Reed, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice
Concurring Opinion by: H. Todd McCray, Justice

Sitting:       Adrian A. Spears II, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: August 27, 2025

The right to be free from illegal or unlawful restraint is an ancient and revered right that predates the Magna Carta. *See Ex parte Graves*, 70 S.W.3d 103, 107 n.10 (Tex. Crim. App. 2002). Centuries later, our Nation's Constitutional Framers viewed "freedom from unlawful restraint as a fundamental precept of liberty[.]" *Boumediene v. Bush*, 553 U.S. 723, 739 (2008).  Under Texas law, the broad purpose of habeas corpus—the Great Writ—is to provide a vehicle by which a person may challenge and receive relief from unlawful restraint. In Texas, the Great Writ— enshrined in the Bill of Rights in the Texas Constitution—affords a person an absolute right to challenge illegal restraint. *See* TEX. CONST. art. I, § 12 ("The writ of habeas corpus is a writ of right, and shall never be suspended."); *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002).

To obtain the full relief a writ of habeas corpus can afford, a person—i.e., an "applicant"—must show (1) his claim is cognizable, and (2) he prevails on the merits of his claim. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. If a non-cognizable claim is resolved on the merits in a pretrial habeas appeal, then the pretrial writ has been misused[.]").

In this case, the Majority decides that the basis for appellant Jose Eleazar Marmolejo–Palacios's pretrial writ of habeas corpus is not cognizable and, therefore, he is not entitled to relief. I agree that Marmolejo–Palacios is not entitled to the ultimate relief he seeks. However, I would hold that his claim is cognizable but without merit. Therefore, I concur but write separately.

## BACKGROUND

Marmolejo–Palacios, a non-citizen, was arrested for trespassing on private property in Zapata County. The State filed an information charging Marmolejo–Palacios with the misdemeanor offense of criminal trespass. *See* TEX. PENAL CODE § 30.05(d)(1). Marmolejo–Palacios was released on a personal bond in the amount of $1,000 with a notice of setting attached. In the "Appearance Bond," Marmolejo–Palacios stated:

> I SWEAR that I will appear before the County Court at Zapata, ZAPATA County, Texas, INSTANTER, and on the date and time on the attached NOTICE OF SETTING, or upon notice by the Court, or pay to the Court the principal sum of $1,000.00, plus all and reasonable expenses incurred in any arrest for failure to appear.

Marmolejo–Palacios signed the Notice of Setting attached to his "Appearance Bond" which stated:

> You have posted a Bond promising to appear before the Zapata County Court each time when your case is set for hearing [and] ultimately for jury trial. If you fail to appear before the court on the above date and time, or at any other time scheduled by the Court, your bond may be forfeited and an order for your arrest may be issued, and new charges brought for bail jumping.

Marmolejo–Palacios represents that at some point after he signed the appearance bond, he was removed from the United States. While he was out on bond, the trial court permitted him to appear virtually via Zoom for his arraignment and two pretrial hearings. Marmolejo–Palacios was given notice of a subsequent pretrial hearing set for July 18, 2023, with a Zoom link. During the July hearing, after Marmolejo–Palacios was ordered to appear in person for his next pretrial hearing set in August of 2023, Marmolejo–Palacios's attorney objected to the in-person requirement "because [Marmolejo–Palacios] has no lawful way to enter the United States." The trial court denied Marmolejo–Palacios's request.

On August 1, 2023, Marmolejo–Palacios filed his application for a writ of habeas corpus, seeking to modify the conditions of his bond to allow him to attend all his hearings virtually until he could be physically present for trial. In the application, Marmolejo–Palacios argued the order requiring him to appear in person was "unreasonable." Notably, the trial court "denied without issuance after consideration of the merits."

### STANDARD OF REVIEW

Appellate courts review the trial court's decision to deny habeas corpus relief for an abuse of discretion. *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd). A reviewing court will find an abuse of discretion only where a trial court acts arbitrarily or unreasonably or without reference to any guiding rules and principles, or where the decision falls outside the zone of reasonable disagreement. *See State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). But where the trial court applies legal standards, such as determining whether a claim for pretrial habeas corpus relief is cognizable, a de novo standard of review applies. *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex.

App.— Houston [1st Dist.] 2007, no pet.); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

"The writ of habeas corpus is an extraordinary writ . . . [and n]either a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *Ex parte Kleinman*, No. PD-0966-24, 2025 WL 2169102, at *2 (Tex. Crim. App. July 30, 2025); *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Accordingly, "[p]retrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d at 620.

Texas courts weigh multiple factors when determining whether "the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review" of a pretrial habeas application. *Id.* at 619–20. "[W]e allow certain types of claims to be raised by pretrial habeas because the rights underlying those claims would be effectively undermined if not vindicated before trial." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). "Within this category of rights . . . [the Court of Criminal Appeals], so far, [has] recognized the constitutional protections involving double jeopardy *and bail*." *Ex parte Perry*, 483 S.W.3d at 895–96 (emphasis added); *see also Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 137 (Tex. App.—San Antonio 2023, no pet.) ("A challenge to pretrial bail would become moot after trial.").

### A CHALLENGE TO A PRETRIAL BAIL CONDITION IS COGNIZABLE

"[A]ccording to our law, the habeas remedy is predicated on the notion that it exists for the benefit of applicants who are restrained in their liberty," and the Court of Criminal Appeals "has

said that whether an applicant is being restrained within the meaning of the habeas corpus statutes is a threshold question." *Ex parte Kleinman*, 2025 WL 2169102, at \*2 (citations and alterations omitted). Thus, in determining this threshold question—whether a claim is cognizable on pretrial habeas—courts consider, inter alia, whether the applicant is "restrained," and, if so, whether the requested relief would result in applicant's "immediate release." *See* TEX. CODE. CRIM. PROC. art. 11.01 ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."); *id.* at art. 11.23 ("The writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law."); *id.* at art. 11.40. The legislature has broadly defined "restraint" as "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." *Id.* at art. 11.22; *Ex parte Kleinman*, 2025 WL 2169102, at \*4 ("Article 11.22's definition of 'restraint' is a broad one, both on its face and as judicially construed over the years. Moreover, Article 11.23 ('Scope of the writ') makes explicit that the writ of habeas corpus is intended to be applicable to all such cases of confinement and restraint, not just those in which a reviewing court has concluded that the restraint is onerous enough to merit consideration.") (internal alterations and quotation marks omitted); *see e.g., Gibson v. State*, 921 S.W.2d 747, 754–55 (Tex. App.—El Paso 1996, writ denied) (finding applicant restrained where he was required to pass through a metal detector before entering the courthouse); *Ex parte Bain*, 568 S.W.2d 356, 358 (Tex. Crim. App. 1978) (finding restraint where court order compelled attorneys to represent a defendant without compensation).

It is well established that Texas courts view a person released on a bond as being under restraint. *See Ex parte Weise*, 55 S.W.3d at 619; *Ex parte Dominguez Ortiz*, 668 S.W.3d at 132–

33. And I agree with the Majority that a pretrial writ of habeas corpus "is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." *Ex parte Weise*, 55 S.W.3d at 619. However, a writ granting relief from the challenged restraint amounts to an immediate release *from that restraint*, even if that does not result in a complete release from all restraints. *See Chavez v. State*, 671 S.W.3d 775, 783–84 (Tex. App.—Fort Worth 2023, no pet.) (holding applicant's excessive-bail challenge cognizable even though it would not result in his freedom because "the concept of immediate release refers to a defendant's release from the illegal confinement *or restraint imposed by a specific authority*—not his ability to walk the streets generally") (emphasis added); *Ex parte Gonzalez-Rodriguez*, No. 01-23-00206-CR, 2023 WL 4629169, at *3 (Tex. App.—Houston [1st Dist.] July 20, 2023, no pet.) (collecting cases).

Under the terms of his bond, Marmolejo–Palacios must personally appear before the trial court "on the date and time on the attached NOTICE OF SETTING, or upon notice by the Court." In his application, Marmolejo–Palacios has requested "that his bond be amended to permit his personal presence before [the trial court] virtually" for future pretrial hearings. Notably, Marmolejo–Palacios has expressly stated he "does not waive his right to an in-person trial." *See* TEX. CODE CRIM. PROC. art. 33.03 ("In all prosecutions . . . the defendant must be personally present at the trial . . . in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail[.]"). Marmolejo–Palacios is not arguing that his bond required him to appear in person for trial—and thus the bond itself—imposes an illegal restraint for which dismissal of his criminal charge is necessary. Instead, he argues that only the condition to appear pretrial in person is an unreasonable restraint on his liberty.

The Majority concludes the in-person appearance requirement is not a "condition" of Marmolejo–Palacios's bond and that Marmolejo–Palacios's claim is not cognizable because he is really challenging the underlying purpose of the bond itself. But this court has already recognized that a bond's "appearance" requirement is a "restraint" under Article 11. *See Ex parte Dominguez Ortiz*, 668 S.W.3d at 132 ("[W]e hold appellant is 'restrained' because he is subject to the trial court's threats of bond forfeiture and a warrant for his arrest if he does not appear for trial as directed.") (citations omitted). This requirement plainly represents "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE. CRIM. PROC. art. 11.22; *see also Ex parte Snodgrass*, 65 S.W. 1061, 1062 (Tex. Crim. App. 1901) ("[A]ny character or kind of restraint that precludes an absolute and perfect freedom of action [authorizes an application] for release from said restraint.").

I believe this is why the trial court implicitly recognized Marmolejo–Palacios's claim was cognizable by rendering its decision on the "merits." This makes legal sense as, generally, a challenge to a pretrial bail condition is cognizable as a matter of law. *See Ex parte Perry*, 483 S.W.3d at 895; *Ex parte Smith*, 178 S.W.3d at 801. I observe this general rule in both common law and statutes enacted by the legislature. For example, under the Texas bail jumping statute, "[a] person lawfully released from custody, with or without bail, *on condition that he subsequently appear* commits an offense if he intentionally or knowingly *fails to appear in accordance with the terms of his release*." TEX. PENAL CODE § 38.10(a) (emphasis added); *see also Timmins v. State*, 560 S.W.3d 671, 677 (Tex. App.—San Antonio 2018), *aff'd*, 601 S.W.3d 345 (Tex. Crim. App. 2020) ("Subsection (a) contemplates that someone who fails to 'appear' will have been lawfully released from restraint or confinement, with or without bail, *on condition that he subsequently be*

*physically present at some place and time.*") (emphasis added). I note, moreover, that any challenge to the nature of this pretrial restraint will be rendered moot by the eventual disposition of the charges pending against Marmolejo–Palacios. *See Danzinger v. State*, 786 S.W.2d 723 (Tex. Crim. App. 1990) (per curiam).

Further, because habeas corpus is often the only avenue to challenge an illegal pretrial restraint, the legislature has mandated that "[e]very provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." TEX. CODE CRIM. PRO. art. 11.04. Accordingly, "restraint", like all terms of Chapter 11, is to be construed favorably to protect the applicant's rights. *Gibson*, 921 S.W.2d at 756; *Snodgrass*, 65 S.W. at 1062. By reading Marmolejo–Palacios's claim as challenging the purpose of the bond, rather than challenging the restraint of the in-person appearance condition of Marmolejo–Palacios's bond, the Majority disregards article 11.04's mandate and, in so doing, denies Marmolejo–Palacios a forum to raise his claim—rendering habeas corpus a shell of its former self by abolishing the availability of the Great Writ to challenge a pretrial bond condition.

I acknowledge the Majority's reliance on the general rule that habeas relief is "unavailable when the resolution of a claim may be aided by the development of a record at trial" and that "[t]he only recognized exception to the general prohibition against record development on pretrial habeas is when the constitutional right at issue includes a right to avoid trial, such as the constitutional protection against double jeopardy." *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017) (internal quotation marks omitted). In the same vein, I note that much of the Majority's decision rests on future ramifications that *might* result from finding Marmolejo–Palacios's claim cognizable. But in a habeas proceeding, such concerns are irrelevant and improper because "[t]he sole purpose of [a habeas] appeal is to do substantial justice to the parties." TEX. R. APP. P. 31.2;

*Ex parte Dominguez Ortiz*, 668 S.W.3d at 139 (recognizing "judicial economy considerations do not alter [the] cognizability determination"). And finally, the Majority concludes that finding Marmolejo–Palacios's claim to be cognizable would reach an unreasonable result. Whether a pretrial bail condition is reasonable, however, is part of a merits analysis that is wholly unrelated to a determination of cognizability. *Ex parte Carter*, 621 S.W.3d 355, 358 (Tex. App.—San Antonio 2021, no pet.).

In sum, if Marmolejo–Palacios is successful on the merits of his claim, he would be immediately released from the restraint imposed—having to appear in person for his pretrial conference—by the trial court via his pretrial bond condition. Accordingly, I would find his claim cognizable, and I respectfully disagree with the Majority's conclusion to the contrary.

### ALTHOUGH COGNIZABLE, MARMOLEJO–PALACIOS'S CLAIM IS UNMERITORIOUS

***The Trial Court Did Not Abuse Its Discretion in Denying Marmolejo–Palacios's Application for Pretrial Writ of Habeas Corpus***

Because I would conclude Marmolejo–Palacios's claim is cognizable, I would proceed to address the merits of his claim. These two analyses are separate, and Marmolejo–Palacios's ability to present a cognizable claim does not automatically render his claim meritorious. *See Ex parte Ellis*, 309 S.W.3d at 79. Specifically, as noted, Marmolejo–Palacios's primary argument is that because he currently cannot legally appear in person before the trial court, the trial court abused its discretion in denying his request to modify conditions of his bond to allow him to appear remotely for future pretrial proceedings. I disagree. Although there are many bases on which the trial court could have decided to deny Marmolejo–Palacios's claim on the merits, I will focus on two: Marmolejo–Palacios's bond's compliance with the requisite statutes and the trial court's discretion.

***Marmolejo–Palacios's Bond Complies with All Statutory Requirements***

The Texas Code of Criminal Procedure defines "bail" as "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or personal bond." TEX. CODE CRIM. PROC. art. 17.01. The purpose of a bail bond is to secure the defendant's appearance at each trial setting and ultimately at trial. *See Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) ("The primary purpose of the bail bond is to secure the accused's presence in court."). A "bail bond" is defined as "a written undertaking entered into by the defendant and the defendant's sureties for the appearance of the principal therein before a court or magistrate to answer a criminal accusation." TEX. CODE CRIM. PROC. art. 17.02.

The record shows Marmolejo–Palacios's bond followed all statutory requirements. Although Marmolejo–Palacios's bond had no additional conditions—such as an interlock device, home confinement, electric monitoring, or not permitting Marmolejo–Palacios to have contact with a specific person or victim—a trial court may add bond conditions to promote several considerations, including ensuring the defendant's appearance before the trial court when his case is called.

***The Trial Court's Considerable Discretion***

It is settled law that "[t]he trial court is vested with broad discretion to manage and control its docket in order to promote the orderly and efficient administration of justice while protecting the statutory and constitutional rights of all persons who come before the court." *Taylor v. State*, 255 S.W.3d 399, 402 (Tex. App.—Texarkana 2008, pet. ref'd); TEX. CODE CRIM. PROC. art. 33.08 ("The district courts and county courts shall have control of their respective dockets as to the settings of criminal cases."). Given the trial court's broad discretion and knowledge of the factors

necessary to promote all interests in moving its docket, a reviewing court may not disturb the trial court's decision absent a record showing the trial court clearly abused its authority. Marmolejo–Palacios has failed to make that showing here.

Likewise, the way a bonded-out defendant will appear—virtually or in person—before the trial court at a pretrial hearing is a bond condition that is squarely within the trial court's discretion. The only recognized exception to undermine the trial court's discretion is that a defendant must, by statute, appear in person for trial. *See* TEX. CODE CRIM. PROC. art. 33.03.

Nevertheless, Marmolejo–Palacios asserts that he was allowed to previously appear virtually by the trial court and that requesting future virtual appearances at pretrial hearings until he is legally able to appear in person is "not only reasonable but required by law." I disagree. In addition to the common law and statutory discretion afforded to the trial court, the trial court here acted within the framework established by the Texas Supreme Court, which permits trial courts to authorize virtual appearances of defendants arrested under Operation Lone Star for hearings, depositions, or other proceedings. *See* TEX. CODE CRIM. PROC. art. 28.01; *see also Renewed Emergency Order Regarding Indigent Defense and the Border Security State of Disaster*, Misc. Dkt. No. 23-9010, at § 5 (Tex. Feb. 28, 2023). The Texas Supreme Court stated that all courts in Texas in any case involving individuals arrested under Operation Lone Star, subject to constitutional limitations and review for abuse of discretion, *may* without a participant's consent "*allow or require* a participant involved in any hearing, deposition, or other proceeding of any kind–including but not limited to a party, attorney, witness, court reporter, grand juror, or petit juror–to participate remotely such as by teleconferencing, videoconferencing, or other means."[1]

---

[1] The order cited is the version that was operable at the time that appellant was ordered to appear in-person at the trial court. This order has been renewed multiple times since the cited order, which was published on August 30, 2021. *See Emergency Order Regarding Indigent Defense and the Border Security State of Disaster*, Misc. Dkt. No. 21-9104 (Tex. Aug. 30, 2021). This order was recently renewed on February 28, 2025, and is operable until May 1, 2025. *See*

*Id.* (emphasis added). It is well within the trial court's discretion to require Marmolejo–Palacios to appear in person for his pretrial hearing and any other proceeding as set out by the Texas Supreme Court. *See id.*; *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980) ("The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged."); TEX. CODE CRIM. PROC. art. 33.03, 33.08, art. 17.02, art. 17.09 § 1.

## CONCLUSION

Accordingly, although I disagree with the Majority and would conclude—as the trial court did—that Marmolejo–Palacios's claim is cognizable,[2] I would ultimately hold that Marmolejo–Palacios is not entitled to relief on the merits of his claim. For this reason, I concur.

---

*Emergency Order Regarding Indigent Defense and the Border Security State of Disaster*, Misc. Dkt. No. 54-9010 (Tex. Feb. 28, 2025). Section 5 has not been altered between February 28, 2023 and February 28, 2025.

[2] In effect, the Majority reverses the trial court's implied determination that appellant's claim is cognizable but affirms the ultimate denial of relief—which the trial court reached on the merits.